IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROYCE GLEN MCDADE                                                              PLAINTIFF

vs.                                            Civil No. 6:11-cv-06032

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Royce Glen McDade ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on February 7, 2008.  (Tr. 15, 104-113). Plaintiff alleges being disabled due to diabetes, diverticulitis, a sprained neck, a lower back injury, a lower head injury, Chronic Obstructive Pulmonary Disease ("COPD"), and metabolic syndrome. (Tr. 128).  Plaintiff claims these illnesses impact him in the following way: "I currently walk with

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

the assistance of a cane, can't stand, walk or sit for any length of time without pain." *Id.* Plaintiff alleges an onset date of May 26, 2007. (Tr. 15, 128). These applications were denied initially and again upon reconsideration. (Tr. 68-71). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 85-102). Plaintiff's administrative hearing was held in Hot Springs, Arkansas. (Tr. 31-67). Plaintiff was present and was represented by Terry Diggs at the hearing in this matter. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Katrina Verden testified at this hearing. *Id.*

On October 6, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-29). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 26, 2007, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic back pain, obesity, and diabetes mellitus. (Tr. 16-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

The ALJ determined Plaintiff was thirty-six (36) years old on his alleged disability onset date. (Tr. 28, Finding 7). Such an individual is defined as a "younger person" sunder 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 28, Finding 7). Further, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 28, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 19-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can occasionally lift no more than 10 pounds; sit about 6 hours per 8 hour workday; and stand/walk no more than 2 hours per 8 hour workday.

(Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The ALJ found Plaintiff's PRW included work as a logging truck driver (medium, semi-skilled). *Id.* Because Plaintiff's RFC limited him to sedentary work, the ALJ found Plaintiff was unable to return to his PRW. *Id.* The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 28-29, Finding 10). Based upon Medical-Vocational Guidelines Rule 201.28, the ALJ determined that even with his impairments, Plaintiff retained the capacity to perform a significant number of jobs in the national economy. *Id*. Because Plaintiff was found to be able to perform this other work, the ALJ determined he had not been under a disability, as defined by the Act, from May 26, 2007 through the date of his decision or through October 6, 2009. (Tr. 29, Finding 11).

Thereafter, on December 15, 2009, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). The Appeals Council declined to review this unfavorable decision. *Id.* On May 3, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 6, 2011. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 24-25. Plaintiff has also filed a reply brief. ECF No. 26. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following four claims[2]: (A) the ALJ erred in evaluating his impairments in combination; (B) the ALJ erred by failing to properly consider his subjective complaints of pain; (C) the ALJ erred in evaluating his medical records; and (D) the ALJ erred by failing to "elicit testimony from the vocational expert" and by failing "to meet his burden of proving there is other substantial gainful employment" that he could perform.  ECF No. 24.  This Court will address each of these arguments for reversal.

---

[2] In his briefing, Plaintiff lists these as only three different claims.  ECF No. 24.  However, upon review, his second claim is actually two separate claims: the ALJ improperly reviewed his subjective complaints and the ALJ improperly considered his medical records.  *Id.*  Thus, this Court will review these two issues separately.

### A.     Combination of Impairments

Plaintiff claims the ALJ erred in evaluating his impairments in combination. ECF No. 24 at 7-8. In his briefing, he claims the following impairments, when considered in combination, render him disabled:

> Ruptured colon, kidney stones, vision problems, anal fistula, depression, anxiety, diabetes mellitus, sciatica of the right leg, gastroesophageal reflux disorder, and chronic persistence asthma, remote lumbar radiculopathy, a healing rectal abscess, metabolic syndrome, hypertension, and diverticulitis, chronic pain syndrome, loss of the normal cervical lordosis, high grade attenuation of the craniovertebral junction ligamentous and membranous anatomy, low to intermediate foraminal narrowing, facet hypertrophy, critical canal stenosis, and neural effacement involving the cervical or visualized upper thoracic segments.

*Id.* Plaintiff argues that, had the ALJ properly considered these impairments in combination, the ALJ would have found him to be disabled. ECF No. 24 at 7-8.

As an initial matter, Plaintiff is correct in his argument that the ALJ is required to consider his impairments in combination in determining whether he is disabled. *See* 20 C.F.R. § 404.1523 (2012). As interpreted by the Eighth Circuit, this regulation requires a synopsis of the claimant's medical records and a discussion of each of the claimant's impairments. *See Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir. 2011). In the present action, the ALJ thoroughly discussed the medical records and each of Plaintiff's claimed impairments. (Tr. 19-28). The ALJ also found Plaintiff's impairments "or combination of impairments" did not meet the requirements of the Listings. (Tr. 19, Finding 4). Thus, this Court finds the ALJ properly evaluated Plaintiff's impairments in combination as required under 20 C.F.R. § 404.1523.[3]

---

[3] Indeed, simply because Plaintiff alleges suffering from a large number of impairments does not automatically establish he is disabled. *See Martise,* 641 F.3d at 924. The issue is whether those impairments result in *limitations* which cause Plaintiff to be unable to work.

6

### B. Subjective Complaints

Plaintiff claims the ALJ did not properly evaluate his subjective complaints as required by *Polaski*. ECF No. 24 at 8-9. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322. When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, Plaintiff claims the ALJ improperly evaluated his subjective complaints. ECF No. 24 at 8-9. In this case, however, the ALJ credited Plaintiff's subjective complaints to a great extent and even found Plaintiff was limited to performing only sedentary work. Further, in discounting Plaintiff's claim that he was *completely unable* to work, the ALJ did so for several valid reasons. The ALJ first noted that Plaintiff's complaints appeared exaggerated based upon his medical records. (Tr.27). In addition to this finding, the ALJ also noted that Plaintiff had "not taken any [long term] narcotic" pain medication despite his complaints of disabling pain, and his daily activities were not "unduly restricted." (Tr. 27-28). Thus, this Court finds the ALJ did not err in discounting Plaintiff's subjective complaints. *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding that if the ALJ explicitly discredits a claimant and gives "good reasons" for doing so, the court normally defers to that determination).

### C. Medical Evidence

Plaintiff argues that his subjective complaints were also fully supported by the findings of his doctors Dr. Tucker, Dr. Hurst, and Dr. Clary. *Id.* Plaintiff argues that because his testimony was so well-supported, it should have been adopted by the ALJ. *Id.* This Court has reviewed the medical records in this case. Based upon that review, this Court finds the ALJ properly determined Plaintiff's subjective complaints were not supported by his medical records.

Plaintiff claims the records from Dr. Tucker, Dr. Hurst, and Dr. Clary support his subjective complaints. Thus, this Court will review the records from each of these doctors. First, on January 22, 2010, Dr. R. Paul Tucker, M.D. provided an opinion letter regarding Plaintiff's impairments. (Tr. 709-724). In that letter, Dr. Tucker stated that he was "very impressed that he [Plaintiff] did not seem to feign illness." (Tr. 709). Dr. Tucker also stated, "He [Plaintiff] was trying to do the best he could, and he was limited." *Id.*

Dr. Tucker's letter, however, reflects that he only examined Plaintiff on three separate occasions: June 19, 2008, July 29, 2008, and January 4, 2010. *Id.* Dr. Tucker's letter was also directed to Plaintiff's attorney and was presumably written in relation to Plaintiff's claim for disability. *Id.* This letter only demonstrates Plaintiff "was limited," which is fully consistent with the ALJ's finding that he could only perform sedentary work. (Tr. 19, Finding 5). Finally, this letter was written *after* the ALJ's decision in this case. *Id.* Thus, this letter is dated after the relevant time period in this case. Accordingly, the ALJ did not err by failing to consider this letter; and even if he had considered this letter in his opinion, the ALJ could have properly disregarded its findings.

Second, on September 3, 2009, Dr. Katherine Hurst, M.D. also provided an opinion letter regarding Plaintiff's condition. (Tr. 625-627). In this letter, Dr. Hurst stated that she believed Plaintiff "has numerous medical issues which make it very difficult for him to maintain gainful employment." *Id.* Dr. Hurst also noted in this letter that her clinic had been treating Plaintiff since 1999, and her clinic had been providing Plaintiff seventeen different medications as well as diabetic supplies on a monthly basis. *Id.* In her letter, Dr. Hurst expressed her desire that Plaintiff receive some assistance for his medication and supplies. *Id.*

In his opinion, the ALJ throughly discussed, and then discounted, Dr. Hurst's findings. (Tr.

27). The ALJ discounted her findings because her letter was "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion, other than the claimant's need for health insurance." *Id.* Upon review of this evidence, this Court finds the ALJ is correct in this assessment. Notably, unlike Dr. Tucker, Dr. Hurst has had a long treatment relationship with Plaintiff. However, despite this relationship, Dr. Hurst's findings were even more conclusory than Dr. Tucker's findings. Dr. Hurst did not reference Plaintiff's treatment records, test results, or other evidence to support her findings. (Tr. 625-627). Thus, this opinion letter is not entitled to deference. *See Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir. 1996) (holding that a "treating physician's opinion deserves no greater respect than any other physician's opinion when the treating physician's opinion consists of nothing more than vague, conclusory statements"). Accordingly, because this evidence is not persuasive, this Court finds the ALJ properly discounted this letter.

Third, Plaintiff claims the ALJ erred by disregarding the findings of his chiropractor, Mr. Patrick S. Clary, D.C.[5] (Tr. 754). Mr. Clary wrote an opinion letter regarding Plaintiff's impairments and limitations on August 23, 2010. *Id.* In this letter, Mr. Clary opined that due to his neck and back impairments, Plaintiff "would not be expected to be able to perform any job on an ongoing, consistent, daily basis." *Id.* Mr. Clary is, however, a chiropractor. *Id.* As such, he is not considered an "acceptable medical source" for determining disability. *See* 20 C.F.R. § 404.1513 (2011). Accordingly, this Court finds Mr. Clary's findings are not persuasive in Plaintiff's case.

### D.     Medical-Vocational Guidelines

Plaintiff claims the ALJ was required to hear testimony from a vocational expert prior to

---

[5] The ALJ actually did not consider this letter in his opinion because this letter was written on August 23, 2010, which was after his October 6, 2009 opinion. (Tr. 754). As noted above, because the ALJ could have properly disregarded this letter, this Court finds that the timing of this letter is irrelevant.

determinating he was not disabled. ECF No. 24 at 9-10. In the present action, instead of hearing testimony from a vocational expert, the ALJ relied upon the Medical-Vocational Guidelines or "the Grids." (Tr. 28-29, Finding 10). Upon review, this Court finds the ALJ properly relied upon the Grids.

The Grids are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a significant nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a VE or other similar evidence to determine whether the claimant is disabled. *See id.* One such nonexertional impairment is pain. *See Baker v. Barnhart,* 457 F.3d 882, 894 (8th Cir. 2006). Thus, "[g]enerally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical-Vocational Guidelines." *Id.*

In the present action, Plaintiff has not demonstrated his pain is a significant nonexertional impairment that diminishes his ability to perform the full range of sedentary work. Indeed, as noted above, Plaintiff's medical records do demonstrate that he suffers from some level of pain. The ALJ even recognized Plaintiff's pain was a severe impairment. (Tr. 16, Finding 3). The ALJ also considered Plaintiff's pain in finding he only retained the capacity to perform sedentary work. (Tr. 19-28). Thus, the ALJ did fully consider Plaintiff's pain. As such, Plaintiff has simply not met his burden of providing credible evidence demonstrating he is unable to perform the full range of

sedentary work. Thus, the ALJ was permitted to, and properly applied, the Grids in determining Plaintiff was not disabled. *See Sanders,* 983 F.2d at 823-24.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

12